SCOTT J. SAGARIA (BAR # 217981)
ELLIOT W. GALE (BAR #263326)
JOE B. ANGELO (BAR #268542)
SCOTT M. JOHNSON (BAR #287182)
**SAGARIA LAW, P.C.**
2033 Gateway Place, 5th Floor
San Jose, CA 95110
408-279-2288 ph
408-279-2299 fax

Attorneys for Plaintiff

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA – SAN JOSE DIVISION

| | |
|---|---|
| TINA PILECKI**,**<br><br>                    Plaintiff,<br><br>          v.<br><br>Equifax, Inc.; Credit Acceptance Corporation and DOES 1 through 100 inclusive**,**<br><br>                    Defendants. | CASE NO.<br><br>COMPLAINT FOR DAMAGES:<br><br>1.  Violation of Fair Credit Reporting Act;<br>2.  Violation of California Consumer Credit Reporting Agencies Act; |

COMES NOW Plaintiff TINA PILECKI, an individual, based on information and belief, to allege as follows:

### INTRODUCTION

1.  This case arises under the Fair Credit Reporting Act, 15 U.S.C. § 1681s-2(b) and the California Consumer Credit Reporting Agencies Act, California Civil Code §1785.25(a). Plaintiff seeks redress for the unlawful and deceptive practices committed by the Defendants in connection with their inaccurate reporting of Plaintiff's debt included in Plaintiff's Chapter 7 bankruptcy.

### JURISDICTION & VENUE

2.  Plaintiff re-alleges and incorporates herein by this reference the allegations in each and every paragraph above, fully set forth herein.

3.   This Court has jurisdiction under 28 U.S.C. §§ 1331, 1337, and 1367, and 15 U.S.C. § 1681

4.   This venue is proper pursuant to 28 U.S.C. §1391(b).

## GENERAL ALLEGATIONS

5.   Plaintiff filed for Chapter 7 bankruptcy protection on February 28, 2014 in order to reorganize and repair Plaintiff's credit.  Plaintiff's Chapter 7 bankruptcy was discharged on June 16, 2014.

6.   On November 9, 2015 Plaintiff ordered a three bureau report from Experian Information Solutions, Inc. to ensure proper reporting.

7.   Plaintiff noticed a tradeline entry by Defendant Credit Acceptance Corporation reporting misleading and inaccurate monthly payments owed on the account and listing of the account as open rather than discharged in bankruptcy.

8.   In response Plaintiff disputed the inaccurate tradeline via certified mail with Experian Information Solutions, Inc.; Equifax, Inc.; and TransUnion, LLC.

9.   Plaintiff is informed and believes that each credit reporting agency sent Defendant Credit Acceptance Corporation notification that Plaintiff was disputing the accuracy of what it was reporting to the credit reporting agencies.

10.   Defendant Credit Acceptance Corporation failed to conduct a reasonable investigation and reported falsely to Equifax, Inc.  misleading and inaccurate monthly payment owed on the account and listing of the account as open rather than discharged in bankruptcy.

11.   Alternatively, Equifax, Inc. failed to perform its own reasonable investigation and failed to correct the inaccuracies and failed to note that Plaintiff disputed the information. After the statutory time period passed for Equifax, Inc. to update the report Plaintiff pulled a second credit report and noticed that no updates had been made to the tradeline in dispute.

12.   On January 8, 2016 Plaintiff ordered a second three bureau report from Experian Information Solutions, Inc. to ensure proper reporting after disputing the problematic tradeline.

13.   Plaintiff's account was in dispute but Defendant Credit Acceptance Corporation and Equifax, Inc. failed to correct the misleading and inaccurate statement on the account within the statutory time frame or, alternatively, at all.

14.   The credit bureaus have an obligation to delete the tradeline when a response is not

received by the furnisher within the statutory time frame.

15. The actions of the Defendants as alleged herein are acts in violation of the Fair Credit Reporting Act, 15 U.S.C. § 1681s-2(b).

16. The actions of the Defendants as alleged herein are acts in violation of the consumer credit reporting agencies act California Civil Code § 1785.25(a).

### FIRST CAUSE OF ACTION
(Violation of Fair Credit Reporting Act
15 U.S.C. § 1681s-2(b))
(Against Defendants and Does 1-100)

**Equifax, Inc. - Failure to Reinvestigate Disputed Information.**

17. Plaintiff realleges and incorporates herein the allegation in each and every paragraph above as though fully set forth herein.

18. After plaintiff disputed the accounts mentioned above, defendant Equifax, Inc. was required to conduct a reasonable investigation and to delete any information that was not accurate. In doing so, defendant was required to send all relevant information to the furnishers which they did not do. Defendant failed to correct the misleading and inaccurate statements on the account within the statutory time frame or at all.

**Credit Acceptance Corporation – Reporting Inaccurate Information to Defendant Equifax, Inc. and Failure to Reinvestigate.**

19. Plaintiff realleges and incorporates herein the allegation in each and every paragraph above as though fully set forth herein.

20. 15 USC 1681s-2(b) prohibits furnishers from providing any information relating to a consumer to any consumer reporting agency if the person knows or has reasonable cause to believe that the information is inaccurate or misleading and requires a furnisher to update and or correct inaccurate information after being notified by a consumer reporting agency of a dispute by a consumer.

21. Defendant Credit Acceptance Corporation violated section 1681s-2(b) by failing to conduct a reasonable investigation and re-reporting a misleading and inaccurate monthly payment owed on the account and listing the account as open rather than discharged in bankruptcy.

22. Defendant Equifax, Inc. provided notice to Defendant that Plaintiff was disputing the inaccurate and misleading information but Credit Acceptance Corporation failed to conduct a reasonable investigation of the information as required by the FCRA.

23. Specifically, Defendant Credit Acceptance Corporation reported Plaintiff's account with an inaccurate monthly payment amount and as still open instead of discharged and included in bankruptcy.

## SECOND CAUSE OF ACTION
(Violation of California Consumer Credit Reporting Agencies Act
California Civil Code § 1785.25(a))
(Against Defendants and Does 1-100)

**Credit Acceptance Corporation – Reporting Inaccurate Information to Defendant Equifax, Inc.**

24. Plaintiff realleges and incorporates herein the allegation in each and every paragraph above as though fully set forth herein.

25. Defendant Credit Acceptance Corporation intentionally and knowingly reported a misleading and inaccurate monthly payment owed on the account and listing of the account as open rather than discharged in Bankruptcy to Equifax, Inc. Plaintiff alleges that Defendant Credit Acceptance Corporation re-reported a misleading and inaccurate monthly payment owed on the account and or listing of the account as open rather than discharged in Bankruptcy to Equifax, Inc. in violation of California Civil Code § 1785.25(a).

26. Plaintiff also alleges that Defendant had reason to know that the information reported on Plaintiff's accounts were misleading and inaccurate.

27. Plaintiff alleges that the bankruptcy notices, disputes letters from all three credit reporting agencies, the consumer data industry resource guide, and results of its investigation should have provided notice to Defendant of its misleading and or inaccurate reporting.

28. Defendant failed to notify Equifax, Inc. that the information Defendant re-reported was inaccurate before the end of 30 business days, in violation of California Civil Code § 1785.25(a).

29. Defendant's communications of false information, and repeated failures to investigate, and correct their inaccurate information and erroneous reporting were done knowingly, intentionally, and in reckless disregard for their duties and Plaintiff's rights.

30.  As a direct and proximate result of Defendant's willful and untrue communications, Plaintiff has suffered actual damages including but not limited to inability to properly reorganize under Chapter 7, reviewing credit reports from all three consumer reporting agencies, time reviewing reports with counsel, sending demand letters, diminished credit score, and such further expenses in an amount to be determined at trial.

31.  Wherefore, Plaintiff prays for judgment as hereinafter set forth.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment as follows:

   a.   For preliminary and permanent injunctive relief to stop Defendants from engaging in the conduct described above;

   b.   Award  statutory and actual damages pursuant to 15 U.S.C. § 1681n and California Civil Code § 1785.31;

   c.   Award punitive damages in order to deter further unlawful conduct pursuant to 15 U.S.C. § 1681n; and California Civil Code § 1785.31;

   d.   Award attorney's fees and costs of suit incurred herein pursuant to 15 U.S.C. § 1681n & o; California Civil Code § 1785.31;

   e.   For determination by the Court that Creditor's policies and practices are unlawful and in willful violation of 15 U.S.C. § 1681n, et seq.; and

   f.   For determination by the Court that Creditor's policies and practices are unlawful and in negligent violation of 15 U.S.C. § 1681o;


|                          |        | **SAGARIA LAW, P.C.**      |
| Dated: March 21, 2016    | By:    | */s/ Elliot Gale*          |
|                          |        | Scott Sagaria, Esq.        |
|                          |        | Elliot Gale, Esq.          |
|                          |        | Attorneys for Plaintiff    |

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands trial of this matter by jury.

|                          |        | **SAGARIA LAW, P.C.**      |
| Dated: March 21, 2016    |        | */s/ Elliot Gale*          |
|                          |        | Scott Sagaria, Esq.        |
|                          |        | Elliot Gale, Esq.          |
|                          |        | Attorneys for Plaintiff    |