THOMAS P. QUINN, JR. (SBN 132268)
NOKES & QUINN APC
410 BROADWAY, STE 200
LAGUNA BEACH, CA 92651
Tel: (949) 376-3500
Fax: (949) 376-3070
Email: tquinn@nokesquinn.com

Attorneys for Defendant EQUIFAX INC.

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
### (SAN JOSE)

| | |
|---|---|
| TINA PILECKI,<br><br>   Plaintiff,<br><br>vs.<br><br>EQUIFAX INC., et al.,<br><br>   Defendants. | Case No.: 5:16-cv-01501-NC<br><br>**DEFENDANT EQUIFAX INC.'S ANSWER AND DEFENSES TO PLAINTIFF'S COMPLAINT** |

NOW COMES Defendant Equifax Inc., by Counsel, and for its response to Plaintiff's Complaint states as follows:

## PRELIMINARY STATEMENT

In answering the Complaint, Equifax Inc. states that it is responding to allegations on behalf of itself only, even where the allegations pertain to alleged conduct by all Defendants. Equifax Inc. denies any and all allegations contained in the headings and/or unnumbered paragraphs in the Complaint.

## ANSWER

In response to the specific allegations in the enumerated paragraphs in the Complaint, Equifax Inc. responds as follows:

NOKES & QUINN
450 Ocean Avenue
Laguna Beach, CA 92651
(949) 376-3055

1.     Equifax Inc. admits that Plaintiff purports to bring a claim under the Fair Credit Reporting Act, 15 U.S.C. §1681s-2(b) ("FCRA") and the California Consumer Credit Reporting Agencies Act, California Civil Code §1785.25(a) ("CCCRAA").  Equifax Inc. denies that it violated the FCRA or CCCRAA, denies that Plaintiff was damaged by any action or inaction of Equifax Inc., denies the allegations in Paragraph 1 as they pertain to Equifax Inc., and denies that Plaintiff is entitled to any of the relief requested.  Equifax Inc. is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 1 and, therefore, denies those allegations.

2.     Equifax Inc. reasserts and re-alleges its responses and defenses as set forth above in Paragraph 1.

3.     To the extent Plaintiff has properly alleged her claims, Equifax Inc. admits this Court may exercise its jurisdiction.  Equifax Inc. denies Plaintiff's entitlement to any relief.

4.     To the extent Plaintiff has properly alleged her claims, Equifax Inc. admits this venue is proper.  Equifax Inc. denies Plaintiff's entitlement to any relief.

5.     Equifax Inc. is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 5 and, therefore, denies those allegations.

6.     Equifax Inc. is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 6 and, therefore, denies those allegations.

7.     Equifax Inc. is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 7 and, therefore, denies those allegations.

8.     Equifax Inc. denies the allegations in Paragraph 8 as they pertain to it. Equifax Inc. is without knowledge or information sufficient to form a belief as to

NOKES & QUINN
450 Ocean Avenue
Laguna Beach, CA 92651
(949) 376-3055

1  the truth of the remaining allegations in Paragraph 8 and, therefore, denies those
2  allegations.

3    9.   Equifax Inc. is without knowledge or information sufficient to form a
4  belief as to the truth of the allegations in Paragraph 9 and, therefore, denies those
5  allegations.

6    10.  Equifax Inc. is without knowledge or information sufficient to form a
7  belief as to the truth of the allegations in Paragraph 10 and, therefore, denies those
8  allegations.

9    11.  Equifax Inc. denies the allegations in Paragraph 11 as they pertain to
10 it. Equifax Inc. is without knowledge or information sufficient to form a belief as
11 to the truth of the remaining allegations in Paragraph 11 and, therefore, denies those
12 allegations.

13   12.  Equifax Inc. is without knowledge or information sufficient to form a
14 belief as to the truth of the allegations in Paragraph 12 and, therefore, denies those
15 allegations.

16   13.  Equifax Inc. denies the allegations in Paragraph 13 as they pertain to
17 it. Equifax Inc. is without knowledge or information sufficient to form a belief as
18 to the truth of the remaining allegations in Paragraph 13 and, therefore, denies those
19 allegations.

20   14.  Paragraph 14 appears to contain a statement of law. The law speaks
21 for itself. To the extent that Plaintiff misstates the law, Equifax Inc. denies the
22 allegations in Paragraph 14. Equifax Inc. denies any remaining allegations in
23 Paragraph 14 as they pertain to it. Equifax Inc. is without knowledge or
24 information sufficient to form a belief as to the truth of the remaining allegations in
25 Paragraph 14 and, therefore, denies those allegations.

26   15.  Equifax Inc. denies the allegations in Paragraph 15 as they pertain to
27 it. Equifax Inc. is without knowledge or information sufficient to form a belief as
28

NOKES & QUINN
450 Ocean Avenue
Laguna Beach, CA 92651
(949) 376-3055

- 3 –
DEFENDANT EQUIFAX INC.'S
ANSWER AND DEFENSES TO PLAINTIFF'S COMPLAINT

1  to the truth of the remaining allegations in Paragraph 15 and, therefore, denies those allegations.

16. Equifax Inc. denies the allegations in Paragraph 16 as they pertain to it. Equifax Inc. is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 16 and, therefore, denies those allegations.

17. Equifax Inc. reasserts and re-alleges its responses and defenses as set forth above in Paragraphs 1 through 16.

18. Equifax Inc. denies the allegations in Paragraph 18 as they pertain to it. Equifax Inc. is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 18 and, therefore, denies those allegations.

19. Equifax Inc. reasserts and re-alleges its responses and defenses as set forth above in Paragraphs 1 through 18.

20. Paragraph 20 appears to contain a statement of law. The law speaks for itself. To the extent that Plaintiff misstates the law, Equifax Inc. denies the allegations in Paragraph 20. Equifax Inc. denies any remaining allegations in Paragraph 20 as they pertain to it. Equifax Inc. is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 20 and, therefore, denies those allegations.

21. Equifax Inc. is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 21 and, therefore, denies those allegations.

22. Equifax Inc. denies the allegations in Paragraph 22 as they pertain to it. Equifax Inc. is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 22 and, therefore, denies those allegations.

NOKES & QUINN
450 Ocean Avenue
Laguna Beach, CA 92651
(949) 376-3055

- 4 –
DEFENDANT EQUIFAX INC.'S
ANSWER AND DEFENSES TO PLAINTIFF'S COMPLAINT

23. Equifax Inc. is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 23 and, therefore, denies those allegations.

24. Equifax Inc. reasserts and re-alleges its responses and defenses as set forth above in Paragraphs 1 through 23.

25. Equifax Inc. is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 25 and, therefore, denies those allegations.

26. Equifax Inc. is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 26 and, therefore, denies those allegations.

27. Equifax Inc. is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 27 and, therefore, denies those allegations.

28. Equifax Inc. is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 28 and, therefore, denies those allegations.

29. Equifax Inc. is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 29 and, therefore, denies those allegations.

30. Equifax Inc. is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 30 and, therefore, denies those allegations.

31. Equifax Inc. denies Plaintiff is entitled to judgment as set forth in her Prayer for Relief.

32. Equifax Inc. admits that Plaintiff demands a trial by jury.

NOKES & QUINN
450 Ocean Avenue
Laguna Beach, CA 92651
(949) 376-3055

- 5 –
DEFENDANT EQUIFAX INC.'S
ANSWER AND DEFENSES TO PLAINTIFF'S COMPLAINT

33. Equifax Inc. denies that Plaintiff is entitled to any of the relief claimed in her Complaint.

34. Any allegation in Plaintiff's Complaint not heretofore specifically responded to by Equifax Inc. is hereby denied.

## DEFENSES

Without assuming the burden of proof where it otherwise rests with Plaintiff, Equifax Inc. pleads the following defenses to the Complaint:

### FIRST DEFENSE

Plaintiff's Complaint fails to state a claim against Equifax Inc. upon which relief can be granted.

### SECOND DEFENSE

Plaintiff's damages, if any, were not caused by Equifax Inc., but by another person or entity for whom or for which Equifax Inc. is not responsible.

### THIRD DEFENSE

The Complaint is barred by the fault and negligence of other persons or entities and plaintiff's damages, if any, should be apportioned according to the principles of comparative fault.

### FOURTH DEFENSE

Equifax Inc. is not a proper party to this action.

### FIFTH DEFENSE

Equifax Inc. is not the consumer reporting agency for Plaintiff's credit file.

### SIXTH DEFENSE

At all relevant times herein, the Plaintiff's alleged damages, which Equifax Inc. denies exist, were aggravated by the failure of the Plaintiff to use reasonable diligence to mitigate the same. Therefore, Plaintiff's recovery, if any, should be barred or decreased by reason of her failure to mitigate alleged losses.

NOKES & QUINN
450 Ocean Avenue
Laguna Beach, CA 92651
(949) 376-3055

- 6 –
DEFENDANT EQUIFAX INC.'S
ANSWER AND DEFENSES TO PLAINTIFF'S COMPLAINT

## SEVENTH DEFENSE

Plaintiff cannot meet the requirements of 15 U.S.C. § 1681n in order to recover punitive or statutory damages.

## EIGHTH DEFENSE

Equifax Inc. adopts by reference the defenses, criteria, limitations, standards and constitutional protections mandated or provided by the United States Supreme Court in the following cases: *BMW v. Gore*, 517 U.S. 559 (1996); *Cooper Indus., Inc. v. Leatherman Tool Group, Inc.*, 532 U.S. 923 (2001); *State Farm v. Campbell*, 538 U.S. 408 (2003), and *Safeco Insurance Co. of America v. Burr*, 551 U.S. 47 (2007).

Equifax Inc. reserves the right to assert additional defenses that it learns through the course of discovery.

**WHEREFORE**, having fully answered or otherwise responded to the allegations contained in Plaintiff's Complaint, Equifax Inc. prays that:

(1) Plaintiff's Complaint be dismissed in its entirety and with prejudice, with all costs taxed against Plaintiff;

(2) That Equifax Inc. be dismissed as a party to this action;

(3) That Equifax Inc. receive a trial by jury for all issues so triable;

(4) That this lawsuit be deemed frivolous and Equifax Inc. recover from Plaintiff its expenses of litigation, including but not limited to attorneys' fees pursuant to 15 U.S.C. § 1681n(c) and 15 U.S.C. § 1681o(b); and

(5) That Equifax Inc. recover such other and additional relief, as the Court deems just and appropriate.

Dated: April 25, 2016            NOKES & QUINN

                                /s/ Thomas P. Quinn, Jr.
                                THOMAS P. QUINN, JR.
                                Attorneys for Defendant EQUIFAX INC.

NOKES & QUINN
450 Ocean Avenue
Laguna Beach, CA 92651
(949) 376-3055

- 7 –
DEFENDANT EQUIFAX INC.'S
ANSWER AND DEFENSES TO PLAINTIFF'S COMPLAINT

# CERTIFICATE OF SERVICE
**Pilecki v. Equifax Inc., et al.**
**Case No.: 5:16-cv-01501-NC**

I, the undersigned, certify and declare that I am over the age of 18 years, employed in the County of Orange, State of California, and not a party to the above-entitled cause.

On **April 25, 2016**, I served a true copy of:

**DEFENDANT EQUIFAX INC.'S**

**ANSWER AND DEFENSES TO PLAINTIFF'S COMPLAINT**

[ ]   By personally delivering it to the persons(s) indicated below in the manner as provided in FRCivP5(B);

[ ]   By depositing it in the United States Mail in a sealed envelope with the postage thereon fully prepaid to the following;

[X]   By ECF: On this date, I electronically filed the following document(s) with the Clerk of the Court using the CM/ECF system, which sent electronic notification of such filing to all other parties appearing on the docket sheet;

I hereby certify that I am employed in the office of a member of the Bar of this Court at whose direction the service was made.

I hereby certify under the penalty of perjury under the laws of the State of California that the foregoing is true and correct.

/s/ Thomas P. Quinn, Jr.

Place of Mailing: Laguna Beach, California.
Executed on **April 25, 2016,** at Laguna Beach, California.

NOKES & QUINN
450 Ocean Avenue
Laguna Beach, CA 92651
(949) 376-3055

- 8 –
DEFENDANT EQUIFAX INC.'S
ANSWER AND DEFENSES TO PLAINTIFF'S COMPLAINT

## SERVICE LIST

Elliot Wayne Gale
Scott Joseph Sagaria
Joseph Brian Angelo
Scott Matthew Johnson
Sagaria Law, P.C.
2033 Gateway Place, 5th Floor
San Jose, CA 95110
408-279-2288
Fax: 408-279-2299
Email: egale@sagarialaw.com
Email: sjsagaria@sagarialaw.com
Email: sjohnson@sagarialaw.com
***Attorneys for Plaintiff Tina Pilecki***

NOKES & QUINN
450 Ocean Avenue
Laguna Beach, CA 92651
(949) 376-3055

- 9 –
DEFENDANT EQUIFAX INC.'S
ANSWER AND DEFENSES TO PLAINTIFF'S COMPLAINT